UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENOCH DAVIS,

       Plaintiff and counter-defendant,          Case Number 11-11852
                                                                      Honorable David M. Lawson

v.

LIBERTY MUTUAL INSURANCE COMPANY,

       Defendant and counter-claimant.

_____/

## ORDER DENYING MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE

The matter is before the Court on the defendant's motion to reopen discovery for the limited purpose of retaking the depositions of the plaintiff and Morani Grundy regarding the timing of the alleged return of the alternative living expense (ALE) payments. Discovery closed on October 31, 2011, and the Court has adjudicated the defendant's motion for summary judgment. The defendant's motion, therefore, requires a modification of the scheduling order.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When deciding whether good cause exists to extend discovery, a court must consider the following five factors:

> "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . discovery requests."

*Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). "The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Ibid.* (internal quotations omitted). In addition, a party shows good cause by advancing specific facts that describe the

magnitude of the undertaking, the time available for completion, and circumstances which would prevent a reasonable person from performing within the time allowed by a statute or court rule. *United States ex rel. Kalish v. Desnick*, 765 F. Supp. 1352, 1354 (N.D. Ill. 1991). Generalizations and conclusory allegations will not suffice. *Ibid.* "But a court choosing to modify the schedule upon a showing of good cause[] may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes; citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (stating that good cause is measured by the movant's "diligence in attempting to meet the case management order's requirements" (quotation omitted))).

The defendant contends that it did not learn that Mr. Grundy returned the plaintiff's alternative living expense (ALE) payments until the plaintiff filed his response to its motion for summary judgment on December 5, 2011 and that allowing discovery about that allegation would enhance the efficiency of settlement discussions and trial. The defendant argues that it meets each of the five factors, but its argument rings hollow where the motion to reopen discovery comes only after the Court denied the defendant's motion for summary judgment. The defendant was apprised on December 5, 2011 of Mr. Grundy's statement that he returned the ALE payments to the plaintiff, more than three months before it filed the present motion. If the defendant believed that it needed to reopen discovery to re-depose the plaintiff and Mr. Grundy based on Mr. Grundy's statement, it could have moved for that relief months ago.

Moreover, the defendant has taken the deposition of Mr. Grundy already. Those matters could have been explored at the time. The plaintiff testified prior to the close of discovery about the circumstances of his payments to Mr. Grundy, which conflicted with Grundy's testimony. It is true

that Grundy's affidavit puts some flesh on his bare-bones denial that he received payments from the plaintiff as rent. However, the defendant has not explained how prolonging the discovery process in a case scheduled to proceed to trial in about two months would promote the efficient disposition of this case, particularly when the requests calls for taking depositions of two witness who already have been deposed in the case. The discovery period set out in the scheduling order lasted through October 31, 2011, which was six months after the case was removed to this Court. That was ample time to complete the discovery in this factually straightforward case. There is no allegation that the plaintiff inhibited or failed to cooperate in discovery.

The Court finds that the defendant has not demonstrated good cause to modify the scheduling order by extending a discovery period that has been closed since last October. Therefore, it will deny the defendant's motion.

Accordingly, it is **ORDERED** that the defendant's motion to reopen discovery for limited purpose [dkt. #31] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  March 23, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 23, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---